J-A32025-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SHAWN COAXUM, | |
| Appellant | No. 602 EDA 2014 |

Appeal from the Judgment of Sentence of August 29, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0013596-2007

BEFORE:  PANELLA, OLSON AND FITZGERALD,* JJ.

MEMORANDUM BY OLSON, J.:                    **FILED FEBRUARY 06, 2015**

Appellant, Shawn Coaxum, appeals from her judgment of sentence entered on August 29, 2013, following resentencing on her jury trial convictions for aggravated assault and conspiracy.  We affirm.

The trial court set forth the facts of this case as follows:

> [T]he victim's drink accidentally spilled on [Appellant]. [Appellant] went to her house to get her nephew, codefendant Tyree Coaxum [("Tyree")], who came out of the house and asked the victim why he hit [Appellant]. While [Appellant], Tyree [] and the victim were arguing, codefendant Ahmad Williams [("Williams")] exited a house, went to the trunk of a car, took out a black revolver, and shot the victim in the foot from a distance of about five feet away or closer, before saying "What's up now, old head?" As the victim was slowly walking away (due to his injury) and looking behind him, Tyree [] grabbed the gun and [Appellant] instructed codefendant to "Shoot that M.F.er" or "Kill that M.F.er."  Tyree then shot the victim in the head.

Trial Court Opinion, 6/11/2009, at 3 (record citations).

_____

*Retired Justice specially assigned to the Superior Court.

On October 21, 2008, a jury convicted Appellant of aggravated assault, conspiracy, carrying a firearm without a license, and carrying a firearm in the streets of Philadelphia.[1]  Appellant filed a timely appeal to this Court.  On May 27, 2011, in an unpublished memorandum, we vacated Appellant's firearm convictions and affirmed her aggravated assault and conspiracy convictions.  *See Commonwealth v. Coaxum*, 30 A.3d 550 (Pa. Super. 2011) (unpublished memorandum).   Accordingly, we remanded the case for resentencing.

Thereafter, the trial court

> resentenced [Appellant] on August 28, 2013 as follows:  85 to 204 months [of imprisonment] for [a]ggravated [a]ssualt followed by 57 to 197 months [of imprisonment] for [c]onspiracy to [c]ommit [a]ggravated [a]ssault.   [On September 3, 2013, Appellant filed a post-sentence motion asking for reconsideration of her sentence.  The trial court denied Appellant's request on September 20, 2013.  No appeal was taken.]
>
> On November 22, 2013, [Appellant] filed a [petition pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. § 9541-9546].   On February 18, 2014, [the trial court reinstated Appellant's] appellate rights [].  On February 20, 2014, [Appellant] filed a [n]otice of [a]ppeal.  On February 28, 2014, [Appellant] filed a [s]tatement of [e]rrors [c]omplained of on [a]ppeal [pursuant to Pa.R.A.P. 1925(b)], listing four appellate issues.   [The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on May 5, 2014.]

Trial Court Opinion, 5/5/2014, at 2.

_____

[1] 18 Pa.C.S.A. §§  2702, 903, 6106, and 6108, respectively.

On appeal, Appellant presents the following issue[2] for our review:

Is [A]ppellant entitled to [a] new sentenc[ing] hearing?

Appellant's Brief at 2.

Appellant argues that "[t]he sentence imposed by the trial court was unjust, improper, manifestly unreasonable, irrational, and an abuse of discretion because the court imposed [a] sentence of 11 years [and] 10 months to 33 years in prison, on a 44 year old individual, which was above the average range of the sentencing guidelines and outside the guidelines, when [Appellant's] prior record score was two, and [Appellant] had no history of violent criminal behavior." *Id.* at 7. Further, she avers that "the fact that she was on probation at the time of the alleged offenses is not a reason to impose such a harsh sentence[.]" *Id.* Appellant also challenges the trial court's decision to impose consecutive sentences. *Id.* at 8. Finally, Appellant claims the trial court "did not consider any of the factors required by 42 Pa.C.S.A. [§] 9721(b) that is the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of [Appellant]." *Id.*

_____

[2] We note that Appellant set forth four individual sentencing challenges in her Rule 1925(b) statement. While Appellant did not follow Pa.R.A.P. 2116, the sole issue presented on appeal fairly encompasses all four original claims.

Appellant challenges the trial court's discretionary authority to impose a sentence.

>Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
>>We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).
>
>Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed.

*Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010)(citations and brackets omitted).

Appellant has complied with the first requirement above, by timely filing a notice of appeal. Next, we observe that Appellant's post-sentence motion preserved the issue presented. Appellant has also complied with the third requirement of the above-mentioned four-part test, by including a statement in her brief in conformity with Pa.R.A.P. 2119(f). Finally, Appellant presents two substantial questions for our review. *Commonwealth v. Felmlee,* 828 A.2d 1105, 1107 (Pa. Super. 2003) (*en banc*) (substantial question is raised where appellant alleges sentencing

court imposed sentence in **aggravated** range without adequately considering mitigating circumstances). Likewise, Appellant's argument that the sentencing court failed to consider the factors proffered in 42 Pa.C.S.A. § 9721 presents a substantial question. *See Commonwealth v. Buterbaugh*, 91 A.3d 1247, 1266 (Pa. Super. 2014) (citation omitted). However, "the imposition of consecutive rather than concurrent sentences lies within the sound discretion of the sentencing court, and a challenge to the imposition of consecutive sentences simply does not raise a substantial question." *Commonwealth v. Lloyd*, 878 A.2d 867, 873 (Pa. Super. 2005) (citation omitted). Hence, we will examine whether the trial court considered Appellant's individual circumstances, as well as, "the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and [Appellant's] rehabilitative needs" in fashioning Appellant's sentence. 42 Pa.C.S.A. § 9721(b). However, we will not examine the consecutive nature of Appellant's sentences.

Our standard of review is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Raven*, 97 A.3d 1244, 1253-1254 (Pa. Super. 2014) (citation omitted).

Additionally, our review of the discretionary aspects of a sentence is confined by the statutory mandates of 42 Pa.C.S.A. §§ 9781(c). Subsection 9781(c) provides:

> The appellate court shall vacate the sentence and remand the case to the sentencing court with instructions if it finds:
>
> (1) the sentencing court purported to sentence within the sentencing guidelines but applied the guidelines erroneously;
>
> (2) the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable; or
>
> (3) the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable.
>
> In all other cases the appellate court shall affirm the sentence imposed by the sentencing court.

42 Pa.C.S.A. § 9781(c).

In reviewing the record, we consider:

> (1) The nature and circumstances of the offense and the history and characteristics of the defendant.
>
> (2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.
>
> (3) The findings upon which the sentence was based.

> (4)     The guidelines promulgated by the commission.

42 Pa.C.S.A. § 9781(d).

Moreover, "the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b).

Here, the trial court determined:

> [Appellant's] criminal history, [the trial court's] duty to protect the public, and the scant rehabilitative potential of [Appellant] called for the sentences imposed. [Appellant] committed the crimes of aggravated assault and conspiracy to commit aggravated assault while on probation. [Appellant] was offered rehabilitative options [and] she refused to continue treatment. [Appellant] showed no remorse about her crimes, nor did she ever admit responsibility.

Trial Court Opinion, 5/5/2014, at 4-5.

Further, the trial court noted:

> In addition, [Appellant's] work history was reviewed and it was noted that [Appellant] was also illegally collecting welfare. Though having two sources of income, [Appellant] only paid back $70[.00] of the $38,000[.00] stolen. [Appellant] was offered [but,] refused[,] treatment. [Appellant] [expressed] no remorse for the crimes committed and merely stated that she was sorry for being found guilty and being charged, not for the actual commission of the acts.

*Id.* at 5.

Upon review of the record, we agree. Initially, the trial court recognized its duty to "balance the protection of the public[,] against [Appellant's] possibility of being rehabilitated, as well as the gravity of the offenses that were committed back on July 13, 2007." N.T., 8/29/2013, at 22. The trial judge also stated:

> My duty is not just to take the time that I imposed on November 25, 2008, and just robot-like add it to the sentences where I was not reversed. And, by the same token, I'm not a robot-like machine[…] that should just let it go and not do the same evaluation that was done back in November of 2008.

*Id.* at 23.

The trial court looked at the facts of the case and recalled that "Appellant was on house arrest with electronic monitoring supervision when she asked people to shoot [the victim]." *Id.* at 16. Appellant's age was discussed at length and Appellant argued that consecutive, aggravated range sentences had the effect of placing Appellant "under supervision either in prison or on parole [until] she's 75 years old." *Id.* at 15-16. Both parties presented argument and the trial court gave Appellant the right of allocution, which she declined. *Id.* at 27. The trial court ultimately imposed the following sentences, accompanied with the following rationale:

> I'm going to not disturb the 57- to 192-month sentence on the conspiracy; on the aggravated assault sentence I am imposing a sentence of 85 to 204 months. That is an above guideline sentence, and that is amply justified by the [following] factors. […] [Appellant's] expression of remorse was hollow, [Appellant] took no sincere responsibility for her crime, she committed these

crimes while on probation, her rehabilitation potential was shown to be almost nonexistent, and her propensity to provoke violence for a minor slight represents a danger to society.

The individuals who shot [the victim] did this at [Appellant's] urging. She was the instigator. She was the ring leader, all because she grabbed at someone's glass of vodka and some of the vodka spilled on her.

*Id.* at 28.

Based upon our standard of review and a review of the certified record, we discern no abuse of discretion in imposing Appellant's sentences. The trial court was aware of the sentencing guidelines and clearly weighed the statutory factors in fashioning Appellant's sentence. As the result of an otherwise minor altercation, Appellant engaged in a conspiratorial relationship that resulted in two gunshot wounds to the victim. These were grave offenses. Because Appellant engaged in those crimes while on house arrest, the trial court could reasonably conclude that her potential for rehabilitation was slim. Accordingly, the trial court acted within the scope of its discretion when it imposed aggravated sentences to protect the public. Moreover, the trial court adequately took into consideration Appellant's proffered mitigating circumstances, including her age, when imposing her sentences. We discern no abuse of discretion and Appellant's appellate claims fail.

Judgment of sentence affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>2/6/2015</u>